## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 20-cv-11680

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

GULF OIL LIMITED PARTNERSHIP,

        Defendant.

## COMPLAINT

Plaintiff United States of America, by its undersigned attorneys, by authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### STATEMENT OF THE CASE

1.    This is a civil action against Gulf Oil Limited Partnership ("Gulf" or "Defendant") brought under Sections 205(b) and 211(d) of the Clean Air Act ("Act"), 42 U.S.C. §§ 7524(b) and 7545(d), for violations of the regulations prescribed under Sections 202(l)(2), 211(c), (h), and (k) of the Act, 42 U.S.C. §§ 7521(l)(2), 7545(c), (h), and (k) at 40 C.F.R. Part 80.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action and the parties under 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d).

3.  The United States district courts are authorized to restrain violations, award other appropriate relief, and assess civil penalties for violations of Section 211 of the Act, 42 U.S.C. § 7545, and the regulations promulgated thereunder. *See* 42 U.S.C. §§ 7524(b), 7545(d).

4.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1395(a), and Section 205(b) of the Act, 42 U.S.C. § 7524(b), because Defendant's primary place of business is located in this District.

## AUTHORITY

5.  The United States Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519, and Section 305(a) of the Act, 42 U.S.C. § 7605(a).

## PARTIES

6.  Plaintiff United States of America is acting at the request and on behalf of the EPA.

7.  Defendant Gulf is a Massachusetts-based limited partnership and is a blender-refiner and midstream service provider for fuels, whose activities include the purchase, import, storage, blending, marketing, and distribution of petroleum products. At all times relevant to this Complaint, Gulf operated nine refineries and import facilities, including facilities in Chelsea, MA, Carteret NJ, Staten Island, NY, South Portland, ME, and New Haven, CT.

## STATUTORY AND REGULATORY PROVISIONS

8.  Section 211(c) of the Act, 42 U.S.C. § 7545(c), grants the EPA the authority to regulate fuels that contribute to air pollution that endangers public health or welfare, or that impairs emission control equipment.

9. Section 202(l)(2) of the CAA, 42 U.S.C. § 7521(l)(2), provides that EPA shall promulgate, and from time to time revise, regulations containing reasonable requirements to control hazardous air pollutants from motor vehicles and motor vehicle fuels, including benzene.

10. Section 211(h) of the CAA, 42 U.S.C. § 7545(h), requires the EPA to promulgate regulations prohibiting the sale of gasoline that exceeds certain volatility standards during the high ozone season.

11. Section 211(k) of the CAA, 42 U.S.C. § 7545(k), prescribes requirements for the sale of reformulated gasoline ("RFG") that reduces toxics and ozone-forming VOCs in the nine largest metropolitan areas with the most severe summertime ozone levels as well as other ozone nonattainment areas that opt into the program.

**A.     Reformulated Gasoline VOC Standards**

12. Section 211(k) of the Act, 42 U.S.C. § 7545(k), prescribes requirements relating to the sale of RFG to reduce toxic air pollutants and ozone-forming VOCs in certain non-attainment areas.

13. The EPA promulgated the RFG regulations at 40 C.F.R. Part 80, Subpart D, pursuant to Sections 211(c) and (k) of the Act, 42 U.S.C. §§ 7545(c) and (k).

14. The RFG regulations require refiners to designate all RFG and RFG blendstock designated for oxygenate blending ("RBOB") as either VOC-controlled or not VOC-controlled. 40 C.F.R. § 80.65(d).

15. In the case of RFG or RBOB that is VOC-controlled, it must be designated for use in either VOC-Control Region 1 or VOC-Control Region 2 (as defined in 40 C.F.R. § 80.71). *Id.*

16. Additionally, refiners must designate whether they are complying with the VOC emissions performance reduction standards on a per-gallon basis or on an annual average basis for each refinery. 40 C.F.R. § 80.65(c).

17. For gasoline designated as VOC-Control Region 1, the per-gallon VOC emissions performance reduction standard is greater than or equal to 27.5 percent, and the annual average VOC emissions performance reduction standard is greater than or equal to 29.0 percent. 40 C.F.R. § 80.41(e)(1), (f).

18. For gasoline designated as VOC-Control Region 2, the per-gallon VOC emissions performance reduction standard is greater than or equal to 25.9 percent, and the annual average VOC emissions performance reduction standard is greater than or equal to 27.4 percent. 40 C.F.R. § 80.41(e)(1), (f).

19. If, however, a refiner produces RFG or RBOB by combining previously certified RFG or RBOB (collectively, "PCG") with blendstocks and elects to comply with the VOC emissions performance reduction standards on a per-gallon basis, then the standard is the more stringent of either: (1) the per-gallon standard, or (2) the most stringent value for VOC emissions performance reduction for any PCG used to produce that batch. 40 C.F.R. § 80.65(i)(3)(i).

20. Refiners make this election by submitting the Reformulated Gasoline Annual Compliance Designation Report, known as RFG0500.

**B.   Annual Average Benzene Standard**

21. Under Section 211(c)(1) of the CAA, 42 U.S.C. § 7545(c)(1), the EPA may adopt a fuel control if at least one of the following two criteria is met: (1) the emission products of the fuel cause or contribute to air pollution that may reasonably be anticipated to endanger public health or welfare, or (2) the emission products of the fuel will significantly impair emissions

control systems in general use or emissions control systems that will be in general use were the fuel control to be adopted. Section 202(l)(2) of the CAA, 42 U.S.C. § 7521(l)(2), further provides that EPA shall promulgate, and from time to time revise, regulations containing reasonable requirements to control hazardous air pollutants from motor vehicles and motor vehicle fuels, including benzene.

22. Pursuant to its authority under Sections 202(l)(2) and 211(c)(1) of the CAA, 42 U.S.C. § 7521(l)(2) and 7545(c)(1), the EPA promulgated regulations at 40 C.F.R. Part 80, Subpart L (gasoline benzene regulations), that require refiners to limit the amount of benzene contained in gasoline they produce or import. 72 Fed. Reg. 8428 (Feb. 26, 2007).

23. The gasoline benzene regulations require each refinery to meet an annual average benzene standard of 0.62 volume percent. 40 C.F.R. § 80.1230(a)(1).

24. Compliance with the annual average benzene standard may be achieved through use of credits. *Id.* § 80.1295(a)(1). For the 2012 annual averaging period, gasoline benzene credits obtained from another refinery or importer could be used to comply if "[a]ny credit transfer takes place no later than the last day of February following the calendar year averaging period when the credits are used." *Id.* § 80.1295(b)(1)(ii).

**C.   Reid Vapor Pressure Standards**

25. Section 211(h) of the CAA, 42 U.S.C. § 7545(h), requires the EPA to promulgate regulations making it unlawful for any person during the high ozone season to sell, offer for sale, dispense, supply, offer for supply, transport, or introduce into commerce gasoline with a Reid vapor pressure (RVP) in excess of 9.0 pounds per square inch (psi).

26. These regulations are at 40 C.F.R. Part 80, Subpart B (controls and prohibitions), and include requirements for controls and prohibitions on gasoline volatility. 40 C.F.R. § 80.27.

From May 1 to September 15, gasoline is required to meet an RVP value of 9.0 psi or less in designated attainment areas. *Id*. § 80.27(a)(2)(i).

### D.     Reporting Requirements

27.     The RFG regulations require refiners to carry out a program of independent lab sample collection and analysis. *Id.* § 80.65(f). Refiners may meet this obligation by either using an independent lab to sample and analyze each batch of RFG that is produced or imported at the facility ("100% option") or by doing in-house sampling and analysis with independent lab verification for ten percent of the RFG batches ("10% option"). *Id.* § 80.65(f)(1). Further, the refiner must "for all samples collected or analyzed . . . cause its designated independent laboratory . . . [t]o submit to EPA periodic reports" that include specific batch information and the results of analyses for each property. *Id.* § 80.65(f)(3)(iii)(B).

28.     Any refiner who produces gasoline by blending blendstock into PCG must exclude the PCG for purposes of demonstrating compliance with the applicable fuels standard. The regulations implementing these requirements under the RFG program are found at 40 C.F.R. § 80.65(i), the regulations implementing these requirements under the Tier II gasoline sulfur program are found at 40 C.F.R. § 80.340(a), and the regulations implementing these requirements under the gasoline benzene program are found at 40 C.F.R. § 1347(a)(5).

29.     The RFG regulations require refiners to submit certain reports, which include an annual report called the RFG2000 report and quarterly batch reports called RFG0302 reports. *Id.* § 80.75.

30.     Pursuant to Section 211(c) of the CAA, 42 U.S.C. § 7545(c), EPA promulgated gasoline sulfur regulations, located at 40 C.F.R. Part 80, Subpart H (Tier II gasoline sulfur regulations). 65 Fed. Reg. 6698, 6703 (Feb. 16, 1994). The gasoline sulfur regulations require

refiners to submit certain reports, which include an annual report called the GSF0100 report. 40 C.F.R. § 80.370(a).

31. Any person who, after January 12, 2009, through November 2, 2015, violates the regulations prescribed under Sections 211(c), (h), and (k) of the Act, 42 U.S.C. §§ 7545(c), (h), and (k), is subject to a civil penalty in the amount of the economic benefit or savings resulting from the violation and up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015. 42 U.S.C. § 7545(d)(1); 40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

32. Gulf is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

33. The Gulf facilities in Chelsea, MA, Carteret, NJ, Staten Island, NY, New Haven, CT, South Portland, ME, are each a "refineries" within the meaning of 40 C.F.R. § 80.2(h).

34. At all relevant times, Gulf was a "refiner" within the meaning of 40 C.F.R. § 80.2(i).

## FIRST CLAIM FOR RELIEF

**(Violations of the Reformulated Gasoline Requirements)**

35. The foregoing paragraphs are re-alleged and incorporated herein by reference.

36. In 2015 and 2016, Gulf produced RFG or RBOB at refineries in Chelsea, MA, Carteret, NJ, and Staten Island, NY, by combining PCG with blendstocks and designated it as VOC-controlled for use in VOC-Control Region 2.

37. In 2015 and 2016, Gulf elected to comply with the VOC emissions performance reductions requirements set forth in 40 C.F.R. § 80.65(i)(3)(i) at its refineries in Chelsea, MA, Carteret, NJ, and Staten Island, NY, on a per-gallon basis.

38. In 2015 and 2016, Gulf produced the following 24 batches (approximately 63 million gallons) of RFG or RBOB at its Chelsea, MA, Carteret, NJ, or Staten Island, NY, facilities by blending PCG with blendstocks and designating the RFG or RBOB as VOC-controlled for use in VOC-Control Region 2:

| Final Batch Production Date | Facility ID | Final Batch Number(s) | Final Batch Volume (gallons) |
|---|---|---|---|
| 5/3/2016 | 08883 | 93 | 3,958,836 |
| 5/27/2016 | 07984 | 21-23 | 5,126,234 |
| 7/5/2015 | 07964 | 50 | 1,733,373 |
| 7/6/2015 | 07964 | 55 | 4,636,800 |
| 7/8/2015 | 07964 | 57 | 5,041,820 |
| 5/19/2016 | 07964 | 31 | 1,274,560 |
| 6/16/2016 | 07964 | 79 | 966,463 |
| 6/16/2016 | 07964 | 28 | 4,679,920 |
| 6/16/2016 | 07964 | 85 | 2,756,750 |
| 6/16/2016 | 07964 | 23 | 1,992,537 |
| 9/6/2016 | 07964 | 48 | 1,524,885 |
| 5/21/2015 | 07984 | 17 | 1,514,987 |
| 6/22/2016 | 08883 | 99 | 2,555,111 |
| 5/18/2016 | 08883 | 117 | 472,822 |
| 5/18/2016 | 08883 | 118 | 2,330,081 |
| 5/18/2016 | 08883 | 119 | 1,865,095 |
| 5/18/2016 | 08883 | 120 | 1,396,485 |
| 5/18/2016 | 08883 | 121 | 2,516,030 |
| 7/8/2016 | 08883 | 127 | 4,107,553 |
| 7/22/2016 | 08883 | 132 | 7,701,960 |
| 7/31/2016 | 08883 | 133 | 1,357,813 |
| 8/11/2016 | 08883 | 134 | 3,957,290 |

39. For each of the batches identified in Paragraph 38, above, the PCG used to make the batches had a more stringent value for VOC emissions performance reduction than the final batch, in violation of the 40 C.F.R. § 80.65(i)(3)(i) VOC emissions performance reduction

8

requirements. In addition, four of the batches violated 40 C.F.R. § 80.41(e)(1)'s VOC-Control Region 2 per-gallon standard of 25.9 percent.

40. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject Gulf to injunctive relief and civil penalties. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Gulf is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## SECOND CLAIM FOR RELIEF

### (Violations of Benzene Annual Compliance Standard)

41. The foregoing paragraphs are re-alleged and incorporated herein by reference.

42. In May 2013, Gulf entered into three credit purchase transactions for a total of 300,000 benzene credits, which it then attempted to use to comply with the 2012 annual average benzene standard for its Staten Island refinery. Because these credits were purchased approximately three months after the transfer deadline set forth in 40 C.F.R. § 80.1295(b)(1)(ii), Gulf violated the 2012 annual average benzene standard at its Staten Island refinery, in violation of 40 C.F.R. § 80.1230(a)(1).

43. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject Gulf to injunctive relief and civil penalties. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Gulf is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## THIRD CLAIM FOR RELIEF

### (Violations of the RVP Compliance Standard)

44. The foregoing paragraphs are re-alleged and incorporated herein by reference.

45. In May 2014, Gulf produced a batch of gasoline (Batch 118) at its Staten Island refinery with an RVP value of 9.33. That same month Gulf introduced this batch into commerce (delivered by barge to Gulf's South Portland, Maine facility). The batch was 2,270,612 gallons and exceeded the RVP standard of 9.0 for gasoline during high ozone season in a designated volatility attainment area, in violation of the volatility requirement set forth in 40 C.F.R. § 80.27(a)(2)(i).

46. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject Gulf to injunctive relief and civil penalties. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Gulf is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## FOURTH CLAIM FOR RELIEF

### (Violations of Reformulated Gasoline Reporting Requirements)

47. The foregoing paragraphs are re-alleged and incorporated herein by reference.

48. On March 27, 2017, Gulf self-reported to EPA a number of potential violations, including that it did not report the PCG it used to produce 36 batches of RFG in 2015 and 2016 at its Chelsea, MA, Carteret, NJ, and Staten Island, NY, refineries. Gulf's failure to report the PCG it used to produce these batches of RFG are violations 40 C.F.R. § 80.65(i), 40 C.F.R. §

80.340(a), and 40 C.F.R. § 1347(a)(5), and resulted in the over generation of 453 million ppm-gallons of sulfur credits.

49. For seven of Gulf's nine refineries and import facilities, there were one or more years between 2013 through 2016 in which Gulf's independent lab failed to report results for one or more RFG batches. Pursuant to the RFG regulations, Gulf must "for all samples collected or analyzed . . . cause its designated independent laboratory . . . [t]o submit to EPA periodic reports" that include specific batch information and the results of analyses for each property. 40 C.F.R. § 80.65(f)(3)(iii)(B). Therefore, Gulf's failure to cause its designated independent laboratory to submit required periodic reports to EPA is a violation of 40 C.F.R. § 80.65(f)(3)(iii)(B) for each missing or incomplete report.

50. For the 2015 reporting year, Gulf violated 40 C.F.R. § 80.65(c)(3)(i) by failing to submit an RFG0500 Report for the South Portland refinery (Facility ID: 00092). Gulf also submitted the RFG0500 report with the wrong Facility ID for to the Chelsea refinery (Facility ID: 07964) in 2015.

51. Gulf made an error in the volume reported on the RFG2000 report for 2015 at PADD 1 (Facility ID: 00001) and another error in the volume reported on the RFG2000 report for 2015 at the Chelsea refinery. Gulf also switched the Facility ID values for the 2013 RFG2000 reports for the South Portland refinery and the New Haven refinery (Facility ID: 80222). Finally, Gulf misreported a blend event as a final batch on its RFG0302 report for its Carteret refinery in 2016. Each of these errors constitute a violation of the RFG reporting requirements at 40 C.F.R. § 80.75.

52. Gulf erroneously reported having no sulfur credits in the 2012 GSFS0100 report for the Staten Island refinery, and then correctly reported having credits in the 2013 report,

11

which created a reporting inconsistency that inhibited EPA's ability to verify compliance. This error is a violation of the gasoline sulfur reporting requirements at 40 C.F.R. § 80.370(a).

53. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject Gulf to injunctive relief and civil penalties. Pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), Gulf is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015. 40 C.F.R. § 19.4.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the allegations contained in the foregoing paragraphs, Plaintiff respectfully requests that this Court:

A. Assess a civil penalty against Defendant for each violation of the regulations prescribed under the Act, of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,192 per day for each violation occurring on or after November 3, 2015, plus the amount of economic benefit or savings resulting from the violation; and

B. Grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    FOR THE UNITED STATES OF AMERICA

    NATHANIEL DOUGLAS
    Deputy Chief
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice

/s/*James D. Freeman*
JAMES D. FREEMAN
Attorney-in-charge
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street; South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1489
Facsimile: (303) 844-1350
James.Freeman2@usdoj.gov

13