# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Civil Action No. 20-cv-11680

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

GULF OIL LIMITED PARTNERSHIP,

   Defendant.

## STIPULATION OF SETTLEMENT AND ORDER

  WHEREAS Plaintiff United States of America, by authority of the Attorney General of the United States and acting at the request of the United States Environmental Protection Agency ("EPA"), filed a Complaint against Defendant Gulf Oil Limited Partnership ("Gulf") pursuant to Sections 211(d) and 205(b) of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7545(d) and 7524(b), to recover penalties relating to Defendant's alleged violations of the regulations prescribed under Sections 202(l)(2), 211(c), (h), and (k) of the Act, 42 U.S.C. §§ 7521(l)(2), 7545(c), (h), and (k) at 40 C.F.R. Part 80;

  WHEREAS on November 18, 2016, Defendant self-disclosed certain of the violations alleged in the Complaint to the EPA under the EPA's Incentives for Self-Policing: Discovery, Disclosure, Correction, and Prevention of Violations ("Audit Policy"), 65 Fed. Reg. 19618 (Apr. 11, 2000);

WHEREAS the EPA has determined that Defendant has met all nine conditions set forth in the Audit Policy for certain of the alleged violations and is therefore eligible for mitigation of gravity-based penalties that could otherwise be assessed for those alleged violations;

WHEREAS the EPA's investigation has identified additional alleged violations at Defendant's facilities;

WHEREAS Defendant has implemented an enhanced regulatory compliance plan after self-disclosing certain violations and provided the plan to Plaintiff;

WHEREAS on or about May 4, 2020, Defendant retired 453,219,497 ppm-gallons of sulfur credits to address the over generation of sulfur credits Defendant self-reported to the EPA as alleged in Paragraph 48 of the Complaint;

WHEREAS Defendant has informed the EPA that it has substantially reduced its gasoline refining activities and plans to only occasionally produce gasoline;

WHEREAS Defendant neither admits nor denies the alleged violations of law stated in the Complaint;

WHEREAS Plaintiff and Defendant have agreed that settlement of this matter is in the public interest and that entry of this Order without further litigation is the most appropriate means of resolving this matter; and

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 42 U.S.C. §§ 7524 and 7545.

2. The obligations of this Stipulation apply to and are binding upon the United States and upon the Defendant and its successors. Any change in Defendant's ownership or corporate status shall not alter its obligations hereunder.

3. Defendant Gulf shall pay to the United States of America a civil penalty of $2,400,000, together with interest accruing from the date on which this Stipulation is lodged with the Court at the rate specified in 28 U.S.C. § 1961 as of the date of lodging, on or before the later of (1) thirty calendar days after entry of this Stipulation as an Order of the Court or (2) September 30, 2020. Payment of this amount shall be made to the United States by electronic funds transfer ("EFT") to the U.S. Department of Justice lockbox bank, referencing the DOJ file number 90-5-2-1-12038. Payment shall be made in accordance with the instructions provided by the United States to Gulf upon entry of this Stipulation. Payment by EFT must be received by the U.S. Department of Justice lockbox bank by 11 a.m. to be credited on that day. A copy of the EFT transmittal notice shall be delivered to:

> Director, Air Enforcement Division
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Mail Code: 2242A
> Washington, D.C. 20460
>
> and
>
> Chief, Environmental Enforcement Section
> Environmental and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Ben Franklin Station
> Washington, D.C. 20044-7611
> Re: DOJ #90-5-2-1-12038

4. Within thirty (30) business days of receipt of Gulf's payment referred to above, the United States shall file a notice with the Court, indicating that payment has been received,

and that the United States' claims against Gulf alleged in the Complaint may be dismissed with prejudice, with each party bearing its own costs and attorney fees.

5. In the event that Defendant does not comply with the payment obligations of Paragraph 3 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States in the amount of three thousand dollars ($3,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall accrue regardless of whether Defendant has been notified of a violation or demand for payment by the United States. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 3 above for payment of the civil penalty. Further, interest shall continue to accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If payment specified in Paragraph 3 is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation.

6. If the payment provided for in this Stipulation is not timely paid, this Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority.

7. This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

8. Gulf's payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall resolve Gulf's civil liability to the United States for violations alleged in the Complaint. Gulf's payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5

shall also resolve any civil liability of Gulf's direct and indirect parents, owners, and any partner in a joint venture for the violations alleged in the Complaint to the extent that the liability of such entity arises solely from its status as direct or indirect parent, owner, or partner in a joint venture and not from its independent actions.

9. Gulf waives any counterclaims against the United States that might have been filed in this action.

10. Except as covered by the resolution of liability in Paragraph 8, in any subsequent proceeding brought by the United States, Gulf shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

11. Nothing in this Stipulation is intended to operate in any way to resolve any civil claims other than those addressed in Paragraph 8 or any criminal liability of Gulf or its agents, successors, assigns, or other entities or persons otherwise bound by law.

12. This Stipulation may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the Clean Air Act, or under other federal laws, regulation, or permit conditions, except as provided in Paragraph 8.

13. Civil penalties and any stipulated penalties paid pursuant to this Stipulation are not deductible by Defendant or any other person for federal tax purposes.

14. Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

15. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Except as provided in

Paragraph 8, Defendant's compliance with this Stipulation is not a defense to any action commenced pursuant to said laws, regulations, or permits.

16. This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

17. Defendant agrees to accept service by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Service shall be mailed to David M. McCullough, Eversheds Sutherland LLP, Grace Building, 1114 6th Ave., 40th Floor, New York, NY 10036. Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Stipulation as an Order of the Court.

18. If for any reason this Court should decline to approve this Stipulation in the form presented, this Stipulation is voidable at the sole discretion of any Party and the terms of the Stipulation may not be used as evidence in any litigation between the Parties.

19. The Parties hereby agree that, upon the Court's approval and entry of this Stipulation, it shall constitute a final Order of the Court.

**ORDER**

As stipulated to and agreed by the Parties, IT IS SO ORDERED AND ADJUDGED.

Dated: _____          _____
                                        United States District Judge

FOR THE UNITED STATES OF AMERICA:

Dated: 9/11/2020

NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: 9/9/20

JAMES D. FREEMAN
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Gulf Oil Limited Partnership</u>

For the U.S. Environmental Protection Agency:

Dated: _____

SUSAN BODINE
Digitally signed by SUSAN BODINE
Date: 2020.07.13 17:32:31 -04'00'

SUSAN PARKER BODINE
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004


ROSEMARIE A. KELLEY
Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004


EVAN BELSER
Deputy Director, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, DC 20004


JEFFREY KODISH
RYAN BICKMORE
Attorney-Advisers, Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Denver, CO 80202

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of <u>United States v. Gulf Oil Limited Partnership</u>

**FOR GULF OIL LIMITED PARTNERSHIP:**

Dated: 6/16/2020

_____
Eric Johnson
President & CEO
Gulf Oil Limited Partnership

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 11, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following person by U.S. Mail:

David M. McCullough
Eversheds Sutherland LLP
Grace Building
1114 6th Ave., 40th Floor,
New York, NY 10036

  /s/ James D. Freeman_____
JAMES D. FREEMAN